**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA CONSUELO CIFUENTES CALDERON,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 09-71898<br><br>Agency No. A072-408-895<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Maria Consuelo Cifuentes Calderon, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings, including the agency's adverse credibility findings.  *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).  We grant the petition for review, and we remand.

Substantial evidence does not support the agency's reliance on the omission of Cifuentes Calderon's union membership from her asylum application because she did not have an opportunity to explain this omission at the hearing.  *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir. 2009).  Further, substantial evidence does not support the agency's reliance either on the omission of Cifuentes Calderon's time in Mexico from her application or on the inconsistency in how long she was held because any omission or inconsistency on these issues is minor. *See Bandari v. INS*, 227 F.3d 1160, 1165-66 (9th Cir. 2000) (inconsistency in date of beating insufficient to support adverse credibility finding).  In addition, substantial evidence does not support reliance on the omission of Cifuentes Calderon's kidnaping from the application because she did not omit the kidnaping. *See Tekle*, 533 F.3d at 1052 (rejecting inconsistency finding regarding duration of beating because agency misunderstood or misremembered testimony).  Moreover, substantial evidence does not support reliance on perceived non-responsiveness

because Cifuentes Calderon described the meeting with her employers, and the agency did not identify any other instances of non-responsiveness. *See Singh v. Ashcroft*, 301 F.3d 1109, 1113-14 (9th Cir. 2002). Finally, substantial evidence does not support the agency's plausibility finding because it is based on speculation and addresses the motivation for the alleged kidnaping rather than Cifuentes Calderon's credibility. *See Ge v. Ashcroft*, 367 F.3d 1121, 1124-25 (9th Cir. 2004) (findings rested on impermissible speculation or conjecture about what authorities would or would not do). Accordingly, we grant the petition with respect to Cifuentes Calderon's asylum, withholding of removal, and CAT claims and remand, on an open record, for further proceedings in accordance with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte*, 555 F.3d at 1096.

**PETITION FOR REVIEW GRANTED; REMANDED.**

FILED

JUL 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SILVERMAN, Circuit Judge, **dissenting**:

I would deny the petition for review based on the BIA's alternative conclusion that Cifuentes Calderon failed to establish a nexus to a protected ground.